BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:  LONDON SILVER FIXING ANTITRUST )      **MDL No.: 2573**
AND COMMODITIES LITIGATION                         )
_____)

**PLAINTIFFS AMERICAN PRECIOUS METALS, LTD., AND STEVEN E.
SUMMER'S MEMORANDUM IN SUPPORT OF MOTION OF PLAINTIFF ERIC
NALVEN FOR CENTRALIZATION UNDER 28 U.S.C. § 1407 IN THE EASTERN
DISTRICT OF NEW YORK**

American Precious Metals, Ltd. and Steven E. Summer, plaintiffs in the related action

*American Precious Metals, Ltd. And Steven E. Summer v. The London Silver Market Fixing Ltd.,*

*et al.,* Civil Action No.: 14-cv-4724 ("Plaintiffs")*,* filed in the Eastern District of New York, hereby

respond to and support the motion of plaintiff Eric Nalven ("Movant") for Centralization in the

Eastern District of New York under 18 U.S.C. §1407.  Plaintiffs believe that transfer of the single

case pending in the Southern District of New York, *Nicholson v. The Bank of Nova Scotia, et al.,*

1:14-cv-05682 ("Nicholson Action") to the Eastern District of New York and consolidation of it

with the two cases currently pending in the Eastern District of New York is appropriate.  The three

cases, the majority of which are pending in the Eastern District of New York, are listed in the

attached Exhibit A (the "London Silver Fixing Cases").

**I.      THE LONDON SILVER FIXING CASES**

Plaintiffs filed a class action complaint in the United States District Court for the Eastern

District of New York alleging an unlawful contract, combination or conspiracy to fix, raise,

maintain, manipulate or stabilize prices of physical silver, and certain financial instruments linked

to the price of physical silver from January 1, 2007 to the present ("Class Period") in violation of

§1 of the Sherman Act, 15 U.S.C. §1, and the common law.  Plaintiffs' complaint and the two other actions listed in Exhibit A allege that Defendants schemed to manipulate or fix the prices of physical silver, as well as financial instruments linked to the price of physical silver for the purpose of profiting for themselves individually and collectively, and that they did so by abusing Defendants' ownership of and positions in the London Silver Market Fixing Ltd. by fixing the price of silver.  Movant filed a motion before the Judicial Panel on Multidistrict Litigation to centralize matters for the London Silver Fixing Cases in one district court.  Plaintiffs agree with Movant that centralizing all related actions in the Eastern District of New York will further the convenience of the parties and witnesses, will promote efficiency and judicial economy, and will eliminate the possibility of conflicting pretrial rulings.  All of the related cases present common, if not identical, facts and legal theories, more than satisfying the transfer requirements of §1407.

## II.   TRANSFER OF THE LONDON SILVER FIXING CASES TO THE EASTERN DISTRICT OF NEW YORK BEFORE CHIEF JUDGE CAROL BAGLEY AMON IS APPROPRIATE

### A.   Centralization of the Actions Is Clearly Warranted

On August 5, 2014, Movant submitted a motion to the JPML to centralize the London Silver Fixing Cases for pretrial matters in the Eastern District of New York.  Plaintiffs American Precious Metals, Ltd. and Steven E. Summer believe that the centralization of these cases in the Eastern District of New York is appropriate.  The transfer of the case, *Nicholson v. The Bank of Nova Scotia, et al.*, 1:14-cv-05682 (S.D.N.Y.) (Cote, J.), currently pending in the Southern District of New York to the Eastern District of New York will promote the efficient coordination of pretrial proceedings by avoiding duplicative discovery and will avoid inconsistent pretrial rulings, thereby conserving the court's and the parties' valuable resources.[1]

---

[1] *See, e.g., In re JetBlue Airways Corp. Privacy Litig.*, 305 Supp. 2d 1362, 1363 (J.P.M.L. 2004) (centralizing related cases in the Eastern District of New York before The Honorable Chief Judge Carol

**B.      The Existence of Common Questions Favors Centralization in One District**

Where there are multiple antitrust actions pending in different jurisdictions, the Judicial

Panel typically orders antitrust class actions to be transferred and centralized in a single district.[2])

Here, not only are the underlying legal theories in the pending cases substantially similar, but the

multiple common questions of fact and law in each of the actions are virtually identical.  The

questions common to each of the cases include: (a) whether Defendants and their co-conspirators

violated the Sherman Act by engaging in a combination, conspiracy or agreement to fix, raise,

maintain, stabilize and/or otherwise manipulate the benchmark rate for the price of silver in

London in violation of the Sherman Act and /or the common law; (b) the actions taken by

Defendants and their co-conspirators in furtherance of the conspiracy; (c) whether the conduct of

Defendants and their co-conspirators caused injury to the business and/or property of Plaintiffs

and members of the putative class; (d) whether Defendants and their co-conspirators fraudulently

concealed the existence of the conspiracy from Plaintiffs and the members of the putative class;

(e) the identity of the participants in the conspiracy; (f) the length of the conspiracy; (g) the

appropriate injunctive relief; and (h) the appropriate measure of damages for the injuries sustained

---

Bagley Amon, stating "the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each action is a putative class action . . . . Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary."). *See also In re Air Cargo Shipping Services Antitrust Litig.*, 435 F. Supp. 2d 1342, 1344-45 (J.P.M.L. 2006) (same); *In re Vitamin C Antitrust Litig.*, 416 F. Supp. 2d 1352, 1353 (J.P.M.L. 2006) (same); *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 398 F. Supp. 2d 1356, 1358 (J.P.M.L. 2005) (same); *In re Visa/Mastercard Antitrust Litig.*, 295 F. Supp.2d 1379, at *2-3 (J.P.M.L. 2003) (same); *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 2000 U.S. Dist. LEXIS 18188, at *2-3 (J.P.M.L. Dec. 11, 2000) (same); *In re Toys "R" Us Antitrust Litig.*, 1998 U.S. Dist. LEXIS 1509, at *3 (J.P.M.L. Feb. 11, 1998) (same).

[2] See, e.g., *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 398 F. Supp. 2d 1356, 1358 (J.P.M.L. 2005).

by the Plaintiffs and the members of the putative class.  The existence of these and other common questions make the London Silver Fixing Cases appropriate for centralization in one district.

Centralization will also foster the efficient coordination of pre-trial proceedings, avoiding duplicative discovery and inconsistent pretrial rulings, thus conserving the resources of the judiciary and the parties.[3]

### C. The Eastern District of New York Is an Appropriate Forum for the London Silver Fixing Cases

Plaintiffs also agree with Movant that the Eastern District of New York is the appropriate forum for pretrial proceedings in these cases.  The majority of the filed London Silver Fixing Cases are pending in the Eastern District.  The Eastern District of New York has far fewer pending MDLs than the Southern District of New York.  There are nine (9) MDL actions pending in the Eastern District of New York and thirty eight (38) MDL actions pending in the Southern District of New York.[4]  The judge before whom the Southern District of New York case is pending is The Honorable Denise L. Cote, and she is currently already presiding over 2 MDLs.[5]  The judge before whom Movant's case is pending, The Honorable Chief Judge Carol Bagley Amon, is a well-

---

[3] *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 398 F. Supp. 2d 1356, 1358 (J.P.M.L. 2005) ("centralization in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions . . . . Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary. . . . Transfer under Section 1407 has the salutary effect of placing all actions before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues; and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." [citation omitted]).  *See also In re JetBlue Airways Corp. Privacy Litig.*, 305 Supp. 2d at 1363.

[4] *See, e.g., MDL Statistics Report - Distribution of Pending MDL Dockets by District,* found at http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-August-15-2014.pdf.

[5] *Id.*

respected jurist, with significant experience in handling MDL proceedings.[6]  Judge Amon does not currently preside over any MDL proceedings.[7]  Further, the Eastern District has repeatedly demonstrated its ability to handle complicated antitrust litigations, s*ee, e.g.,* note 1, *supra,* including the recent approval of the largest antitrust class action settlement in history.  *See In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 986 F. Supp. 2d 207 (2013).

The Eastern District of New York is readily accessible to the parties and the witnesses. Defendants are located in New York City, much of the discovery will take place in London and the Eastern District is geographically convenient, particularly given the location of New York's international airports in the Eastern District.  Importantly, one of the principal defendants, Scotiabank, holds almost 300 tons of silver bullion in the Eastern District, in Queens, New York (having moved such bullion from within the territory of the Southern District of New York).

Notably, on August 5, 2014, the date on which Movant filed his papers to consolidate the cases in the Eastern District of New York, counsel for Defendant Deutsche Bank AG filed a letter brief with Judge Cote in the Nicholson Action asserting that the London Silver Fixing Cases are similar to the Gold Fix cases pending before Judge Valerie E. Caproni in the Southern District of New York, and requested that the Nicholson Action be referred to Judge Caproni as related to the Gold Fix cases.[8]  Judge Cote rejected Defendant's arguments and denied the Defendant's request to transfer the action to Judge Caproni.[9]

---

[6] *See, e.g., In re JetBlue Airways Corp. Privacy Litig.*, 305 Supp. 2d 1362, 1363 (J.P.M.L. 2004).

[7] *See, e.g., MDL Statistics Report - Distribution of Pending MDL Dockets by District,* found at http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-August-15-2014.pdf.

[8] *See Nicholson v. The Bank of Nova Scotia, et al.,* 1:14-cv-05682, Docket No. 5.

[9] *See Nicholson v. The Bank of Nova Scotia, et al.,* 1:14-cv-05682, Docket No. 7.

**III.     CONCLUSION**

For the foregoing reasons, Plaintiffs American Precious Metals, Ltd. and Steven E. Summer support the motion of Plaintiff Nalven requesting that the Panel centralize the London Silver Fixing Cases in the Eastern District of New York before The Honorable Chief Judge Carol Bagley Amon.

August 21, 2014

Respectfully submitted,

WOLF POPPER LLP

By: /s/ Lester L. Levy
   LESTER L. LEVY

845 Third Avenue
New York, NY 10022
Telephone: 212-451-4600
Facsimile: 212-486-2093
llevy@wolfpopper.com

Attorney for Plaintiffs American Precious Metals, Ltd. and Steven E. Summer, No. 1:14-cv-4724-DLI-MDG (EDNY)

**EXHIBIT A**

**LONDON SILVER FIXING CASES**

| Case | Court Where Pending | Judge |
|---|---|---|
| *Nalven v. The London Silver Market Fixing, Ltd., et al.,* 1:14-cv-04591 (CBA) | Eastern District of New York | Hon. Carol Bagley Amon |
| *Nicholson v. The Bank of Nova Scotia, et al.,* 1:14-cv-05682 (DLC) | Southern District of New York | Hon. Denise L. Cote |
| *American Precious Metals, Ltd. And Steven E. Summer v. The London Silver Market Fixing Ltd., et al.,* 1:14-cv-4724 (DLI) | Eastern District of New York | Hon. Dora L. Irizarry |