BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

------------------------------------- x
                                             :

IN RE:  LONDON SILVER FIXING         :
ANTITRUST AND COMMODITIES        :     MDL No. 2573
LITIGATION                                  :
                                             :

------------------------------------- x

**DEFENDANTS' RESPONSE TO MOVING PLAINTIFF'S MOTION FOR
CENTRALIZATION IN THE EASTERN DISTRICT OF
NEW YORK**

       Defendants respectfully submit this memorandum of law in response to Plaintiff Eric Nalven's Motion for Centralization of the *London Silver Fixing Antitrust and Commodities Litigation* in the Eastern District of New York.[1]  *See* Mot. of Pl. Nalven for Centralization Under 28 U.S.C. § 1407 in the Eastern District of New York (Aug. 5, 2014), Dkt. 1; Mem. of Law in Supp. (Aug. 5, 2014), Dkt. 1, Att. 1 ("Movant's Mem.").  The Moving Plaintiff has commenced one of three putative class actions commenced to date alleging that Defendants, during a portion of the period in which they were members of the London Silver Market Fixing Limited (the "London Silver Fix"), colluded to manipulate the price of silver and silver derivatives (the "Related Actions").  Two of the three Related Actions are pending in the United States District Court for the Eastern District of New York, one before the Honorable Chief Judge Carol Bagley

---

[1] "Defendants" refers to the following putative parties identified in Movant's Motion: The Bank of Nova Scotia, Deutsche Bank AG, HSBC Holdings PLC, HSBC Bank PLC and HSBC Bank USA, N.A.  In submitting this response, Defendants do not waive, and expressly preserve, all defenses, including, without limitation, lack of personal jurisdiction and all defenses and objections to class certification.

Amon,[2] the other before the Honorable Judge Dora L. Irizarry.[3] The third is pending in the Southern District of New York before the Honorable Judge Denise Cote.[4] For the reasons that follow, Defendants support the Moving Plaintiff's request for centralization in the Eastern District of New York.

## ARGUMENT

**THE PENDING ACTIONS SHOULD BE CENTRALIZED IN THE EASTERN DISTRICT OF NEW YORK BEFORE THE HONORABLE CHIEF JUDGE CAROL BAGLEY AMON.**

Where, as here, multiple actions pending in different districts raise common questions of fact, those actions should be centralized in a single district if doing so would promote the just and efficient conduct of the actions. *See* 28 U.S.C. § 1407(a); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 435 F. Supp. 2d 1342, 1344 (J.P.M.L. 2006) (centralizing antitrust actions involving common price-fixing allegations in the Eastern District of New York). The Related Actions share many common questions of fact. They raise the same core factual allegation: that Defendants, as members of the London Silver Fix, colluded to manipulate the price of silver and silver derivatives. *See, e.g.*, Nalven Compl. at ¶¶ 1-10, 56-62; Nicholson Compl. at ¶¶ 1-15; American Precious Metals Compl. at ¶¶ 1-12. They specify nearly identical putative classes – comprised of those who have entered into physical silver, silver futures or silver options transactions – and seek to recover damages in respect of the same class period, January 1, 2007 to the present. *See* Nalven Compl. at ¶ 30; American Precious Metals Compl. at ¶ 54; Nicholson Compl. at ¶ 102. They also seek overlapping relief: class certification, treble damages for

---

[2] *See* Compl., *Nalven v. London Silver Market Fixing Ltd. et al.*, 14-cv-4591 (E.D.N.Y. July 31, 2014) ("Nalven Compl.")

[3] *See* Compl., *American Precious Metals v. Bank of Nova Scotia et al.*, 14-cv-4724 (E.D.N.Y. August 8, 2014) ("American Precious Metals Compl.")

[4] *See* Compl., *Nicholson v. Bank of Nova Scotia et al.*, 14-cv-5682 (S.D.N.Y. July 25, 2014) ("Nicholson Compl.").

violation of the Sherman Act, declaratory and injunctive relief, and costs.  *See* Nalven Compl. at ¶¶ 104-112; Nicholson Compl. at 38; American Precious Metals Compl. at 21-22.

The overlap among these cases – both legal and factual – makes them ideal candidates for centralization.  Indeed, centralization is essential here to "eliminate duplicative discovery; prevent inconsistent pretrial rulings . . . and conserve the resources of the parties, their counsel, and the judiciary."  *In re HSBC Bank USA, N.A.*, 949 F. Supp. 2d 1358, 1359 (J.P.M.L. 2013) (centralizing related actions in the Eastern District of New York); *In re Air Crash*, 895 F. Supp. 2d 1355, 1356-1357 (J.P.M.L. 2012) (same); *In re Propecia (Finasteride) Prod. Liab. Litig.*, 856 F. Supp. 2d 1334, 1335 (J.P.M.L. 2012) (same).

The Eastern District is a convenient forum for the Related Actions.  All of the Defendants have business operations in New York.  And trading in silver derivatives, which will be at issue here, takes place on the COMEX, which is based in New York.  As a result, some portion of the evidence – both documents and witnesses – will be located in New York.  Counsel for most of the parties are also based in New York, making the Eastern District easily accessible for both plaintiffs and defendants.  *See In re Air Cargo Shipping Servs. Antitrust Litig.*, 435 F. Supp. 2d at 1344 (centralizing related actions in the Eastern District of New York, where "some relevant witnesses and documents may be located"); *In re Air Crash*, 895 F. Supp. 2d at 1356-57 (Eastern District of New York an appropriate centralization forum because it is "centrally located [and] . . . convenient to counsel"); *see also* Movant's Mem. 8-9.

Of the two districts in which the Related Actions are pending, the Eastern District has substantially more favorable docket conditions.  *See* Movant's Mem. 10-11.  There are currently 47 active MDLs pending in the Southern and Eastern Districts; of these, 38 are pending in the

Southern District, but only nine in the Eastern District.[5] At present, Chief Judge Amon, a prospective transferee judge in the Eastern District, is not presiding over any active MDL proceedings.[6] In addition to being an accomplished jurist with MDL experience, Chief Judge Amon is most likely to have the time and resources necessary to "steer these proceedings on a fair and expeditious course". *In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Practices Litig.*, 609 F. Supp. 2d 1379, 1380 (J.P.M.L. 2009) ("the two actions pending in [the Eastern District of New York] are before one judge who has experience presiding over multidistrict litigation, but is not currently assigned to another such docket; he has the time and commitment necessary to steer these cases on a fair and expeditious course"); *see also In re Tamoxifen Citrate Antitrust Litig.*, 196 F. Supp. 2d 1371, 1372-73 (J.P.M.L. 2001) (centralizing related actions in the District Court for the Eastern District of New York, "a court with the resources that this docket is likely to require"). This Panel has repeatedly recognized that the Eastern District has the capacity to handle significant MDL proceedings. Centralization in the Eastern District will "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation". *In re Vitamin C Antitrust Litig.*, 416 F. Supp. 2d 1352, 1353 (J.P.M.L. 2006). It is therefore appropriate here.

---

[5] *See* United States Judicial Panel on Multidistrict Litigation, *MDL Statistics Report - Distribution of Pending MDL Dockets by District* at 4, http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-August-15-2014.pdf, last accessed August 26, 2014.

[6] *Id*. Upon a judicial determination that the *Nalven* and *American Precious Metals* cases are related, those cases typically would be assigned to Chief Judge Amon, as the judge presiding over the case with the lower docket number. *See* E.D.N.Y. Local Rule 50.3.1(e). Defendants note that on August 7, 2014, Chief Judge Amon, *sua sponte*, issued an order inquiring as to the relationship between two of the HSBC defendants. *See* Order of the Court, *Nalven v. London Silver Market Fixing Ltd. et al.*, 14-cv-4591 (August 7, 2014), Dkt. 4. After receiving the information requested, Chief Judge Amon issued an order indicating that, whilst at the time of the Court's August 7 Order, "it appeared that this Court may be disqualified from presiding over the action based on a financial interest in HSBC Holdings plc," the Court had now "divested itself of the financial interest and disqualification is therefore not required." *See* Order of the Court, *Nalven v. London Silver Market Fixing Ltd. et al.*, 14-cv-4591 (August 15, 2014), Dkt. 7. Accordingly, Chief Judge Amon has removed any threshold bar to hearing the action pending in her court.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Panel centralize the Related Actions in the Eastern District of New York under 28 U.S.C. § 1407.

Dated:  August 27, 2014
          New York, New York

Respectfully submitted,

**/s/ Michael Lacovara**
Michael Lacovara
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 277-4000
Fax: (212) 277-4001

*Attorneys for HSBC Bank U.S.A., N.A.*

**/s/ Stephen Ehrenberg**
Stephen Ehrenberg
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10005
Tel: (212) 558-4000
Fax:  (212) 558-3588

*Attorneys for The Bank of Nova Scotia*

**/s/ Joseph J. Bial**
Charles F. Rule
Joseph J. Bial

Amy W. Ray
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, N.W.
Washington, D.C. 20001
Tel: (202) 862-2200
Fax: (202) 862-2400

Peter J. Isajiw
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281
Tel: (212) 504-6579
Fax: (212) 504-6666

*Attorneys for Deutsche Bank AG*