UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: LONDON SILVER FIXING, LTD.,
ANTITRUST LITIGATION                                                                                         MDL No. 2573


TRANSFER ORDER

**Before the Panel**:[*]  Pursuant to 28 U.S.C. § 1407, plaintiff in an action (*Nalven*) pending in the Eastern District of New York moves for centralization of this litigation in that district.  The litigation encompasses that action and the Southern District of New York action (*Nicholson*) listed on Schedule A.[1]

Responding defendants support centralization in the Eastern District of New York,[2] as does plaintiff in a potential tag-along action pending in that district.  The *Nicholson* plaintiff, although also supporting centralization, argues that we should select the Southern District of New York as transferee district.  Plaintiffs in the two potential tag-along actions pending in that district also support its selection.

On the basis of the papers filed and the hearing session held, we are persuaded that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions share factual issues arising from largely similar allegations that the defendant banks conspired to manipulate the prices of silver and silver derivatives through their membership on The London Silver Fixing, Ltd., a panel that meets privately on a daily basis to determine the market price of silver.  Centralization will eliminate duplicative discovery (which appears certain to be international in scope), prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

After weighing all factors, we have selected the Southern District of New York as transferee district for this litigation.  Defendants all have corporate offices in the district, and the COMEX, on which the allegedly manipulated silver futures and options contracts are traded, is located in New York City.  Selection of the Southern District of New York also enables us to assign this litigation to the Honorable Valerie E. Caproni, who is already presiding over a somewhat related MDL – MDL

---

[*]   Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1]   The Panel has been informed of three additional related federal actions.  Those actions and any other related federal actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2]   Responding defendants are The Bank of Nova Scotia (Scotiabank), Deutsche Bank AG, HSBC Holdings PLC, HSBC Bank PLC, and HSBC Bank USA, N.A (collectively HSBC).

- 2 -

No. 2548, In re: Commodity Exchange, Inc., Gold Futures and Options Trading Litigation, which involves allegations that the defendant banks conspired to manipulate the prices of gold and gold derivatives.[3] HSBC, Deutsche Bank, and Scotiabank are also defendants in MDL No. 2548, and, indeed, previously argued to the judge presiding over the *Nicholson* action in this docket that the action was related to the MDL No. 2548 cases before Judge Caproni, and ought to be referred to her. In addition, the moving *Nalven* plaintiff, the *Nicholson* plaintiff, and plaintiff in the Eastern District of New York potential tag-along action all have cases in MDL No. 2548, and are represented by the same counsel as here.[4] In light of this considerable overlap, centralization before Judge Caproni is likely to achieve significant efficiencies for the parties and their counsel, as well as conserve judicial resources.[5]

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Southern District of New York is transferred to the Southern District of New York, and, with the consent of that court, assigned to the Honorable Valerie E. Caproni for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Sarah S. Vance
R. David Proctor

---

[3] *See In re: Commodity Exch., Inc., Gold Futures & Options Trading Litig.*, — F. Supp. 2d —, 2014 WL 4050049 (J.P.M.L. Aug. 13, 2014).

[4] The firm representing the plaintiff in one of the two Southern District of New York potential tag-along actions also represents a plaintiff in one of the initially-centralized actions in MDL No. 2548.

[5] We express no view on the degree, if any, to which pretrial proceedings in this docket should be coordinated with those in MDL No. 2548. That is a matter for Judge Caproni to determine. *See In re: Gerova Fin. Group, Ltd., Sec. Litig.*, 816 F. Supp. 2d 1381, 1382 (J.P.M.L. 2011).

**IN RE: LONDON SILVER FIXING, LTD.,**
**ANTITRUST LITIGATION**                                                  MDL No. 2573

## SCHEDULE A

<u>Eastern District of New York</u>

NALVEN v. THE LONDON SILVER MARKET FIXING, LTD., ET AL.,
    C.A. No. 1:14-04591

<u>Southern District of New York</u>

NICHOLSON v. THE BANK OF NOVA SCOTIA, ET AL., C.A. No. 1:14-05682